# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| THE UPPER DECK COMPANY, | Case No. 24-cv-0923-BAS-DEB |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO SEAL** |
| v. | **(ECF Nos. 75, 78, 81, 88, 91, 95, 97, 102, 107)** |
| PIXELS.COM, LLC, | |
| Defendant. | |

Before the Court are nine motions by the Parties to file documents under seal. (ECF Nos. 75, 78, 81, 88, 91, 95, 97, 102, 107.)  Plaintiff The Upper Deck Company ("Upper Deck") seeks leave to file under seal portions of its Motion for Summary Adjudication (ECF No. 81), its Opposition to Defendant's Motion for Summary Judgment (ECF No. 91), its Reply in support of its Motion for Summary Adjudication (ECF No. 95), and its Opposition to Defendant's Motion to Exclude the Testimony of Christian Tregillis (ECF No. 102).

Defendant Pixels.com ("Pixels") seeks leave to file under seal portions of its Motion for Summary Judgment (ECF No. 75), its Motion to Exclude (ECF No. 78), its Opposition to Plaintiff's Motion for Summary Adjudication (ECF No. 88), its Reply in support of its

Motion for Summary Judgment (ECF No. 97), and its Reply in support of its Motion to Exclude (ECF No. 107). All nine motions to seal are unopposed.

For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions to seal portions of (1) Defendant's Motion to Exclude; (2) Plaintiff's Motion for Summary Adjudication; and (3) Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (ECF Nos. 78, 81, 91.) The Court **DENIES** the motions to seal portions of (1) Defendant's Motion for Summary Judgment; (2) Defendant's Opposition to Plaintiff's Motion for Summary Adjudication; (3) Plaintiff's Reply in support of its Motion for Summary Adjudication; (4) Defendant's Reply in support of its Motion for Summary Judgment; (5) Plaintiff's Opposition to Defendant's Motion to Exclude; and (6) Defendant's Reply in support of its Motion to Exclude. (ECF Nos. 75, 88, 95, 97, 102, 107.)

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When

the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Similarly, it is not enough to "mention[] a general category of privilege, without any further elaboration or any specific linkage with the documents." *Id.* at 1184. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of the "relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's Standing Order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases § 5. These procedures limit sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a

preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II.  ANALYSIS

Plaintiff's and Defendant's motions to seal are filed in connection with Plaintiff's Motion for Summary Adjudication, Defendant's Motion for Summary Judgment, and Defendant's Motion to Exclude.  Because a motion for summary judgment or adjudication is more than tangentially related to the merits of the underlying dispute, the relevant motions to seal are subject to the "compelling reasons" standard.  *Kamakana*, 447 F.3d at 1179.  Similarly, evidentiary motions, including motions to exclude expert witnesses, are often "strongly correlative to the merits of a case" and warrant the application of the "compelling reasons" standard.  *Ctr. for Auto Safety*, 809 F.3d at 1100.  Accordingly, the Court reviews each motion in light of this standard and for whether the motion to seal is sufficiently tailored.  Upon review, several common threads lead the Court to deny most of the Parties' motions.  The Court will address each issue in turn.

### A.  Denied Motions to Seal

#### 1.  **Defendant Must Publicly File Copies of the Documents with Proposed Redactions**

In support of its motion to seal, the moving party must lodge a sealed, unredacted proposed document and file a copy of the document with the party's proposed redactions on the public docket.  Without the proposed redactions, a court is unable to assess whether there is a compelling reason to justify those redactions or whether the redactions are narrowly tailored, especially when the moving party only seeks to redact portions of a document.  Here, Defendant has failed to publicly file copies of the documents with Defendant's proposed redactions.  Thus, the Court cannot assess the merits of these motions to seal and **DENIES** without prejudice Defendant's motions to seal portions of Defendant's Memorandum in support of Defendant's Motion for Summary Judgment and

portions of Exhibits 104 and 110 attached to Defendant's Motion for Summary Judgment (ECF No. 75); portions of Defendant's Memorandum in support of Defendant's Motion to Exclude (ECF No. 78); portions of Defendant's Memorandum in support of Defendant's Opposition to Plaintiff's Motion for Summary Adjudication (ECF No. 88); portions of Defendant's Memorandum in support of Defendant's Reply to its Motion for Summary Judgment (ECF No. 97); and portions of Defendant's Memorandum in support of Defendant's Reply to its Motion to Exclude (ECF No. 107).[1]

### 2. Parties Must Confer and Submit Responses in Support of Relevant Motions to Seal

The Court's Standing Order notes, "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." Standing Order § 5.A. "Parties often seek to seal a document only because another party designated the document as sensitive under a protective order . . . [i]n these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal." *Id.* Then, "the designating party must file a response to the sealing motion within **seven days** that satisfies the sealing standard . . . . If no response is filed, the Court may order that the document be filed in the public record." *Id.*

Defendant has failed to meet this requirement in several instances:

- Plaintiff's motion to file under seal portions of its Opposition to Defendant's Motion for Summary Judgment (ECF No. 91) includes exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by Defendant, namely Exhibits 10 and 13, but Defendant has failed to file an appropriate response.

---

[1] In addition to providing proposed redactions, Defendant must also update its tables. For example, Defendant seeks to redact page two, lines twenty-three through twenty-four of its Memorandum in support of Defendant's Motion to Exclude. (ECF No. 78.) These lines recite Federal Rule of Evidence 702, which leads the Court to believe the pincites in the table are inaccurate. (ECF No. 82 at 2:23–24.)

- Plaintiff's motion to file under seal portions of its Reply in support of its Motion for Summary Adjudication (ECF No. 95) refers to materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by Defendant, but Defendant has failed to file an appropriate response.

- Finally, Plaintiff's motion to file under seal its Opposition to Defendant's Motion to Exclude (ECF No. 102) includes exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by Defendant, namely Exhibits F, G, and M, but Defendant has failed to file an appropriate response.

Accordingly, the Court **DENIES** without prejudice the request to seal these documents because Defendant has not filed an appropriate response (ECF Nos. 91, 95, 102).

### 3.     Proposed Redactions Must Be Narrowly Tailored

"Only those documents, or portions thereof, necessary to protect such sensitive information" may be sealed. Standing Order § 5.A. As such, whenever possible, the moving party must redact. *See Kamakana*, 447 F.3d at 1183; *Murphy*, 2012 WL 1497489, at *2–3. Redactions must be narrowly tailored such that only information that meets the compelling reasons standard is redacted. *See Kamakana*, 447 F.3d at 1183 (highlighting the "limited and clear" nature and specificity of the redactions); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DL, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) (rejecting redactions that were insufficiently tailored). The moving party must provide the compelling reason justifying the proposed redactions. *Foltz*, 331 F.3d at 1135.

Litigation predicated upon contracts cannot be conducted in secret. *JBS Packerland, Inc. v. Phillips Cattle Co., Inc.*, No. 24-cv-01299-BAS-MSB, 2024 WL 4280960, at *2 (S.D. Cal. Sept. 24, 2024). The public has the right to know the gist of the underlying agreements in order to understand the court's rulings. *Id.* Accordingly, mere vague or ambiguous references to sealed documents, without any discussion of the substance of the sealed documents, do not meet the compelling reasons standard. *See Nia v. Bank of Am., N.A.*, No. 21-cv-1799-BAS-BGS, 2024 WL 171659, at *9 (S.D. Cal. Jan. 12, 2024);

*ImprimisRx, LLC*, 2023 WL 7029210, at *5. Similarly, information that is merely embarrassing, incriminating, or exposes a party to further litigation is not enough to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1179. Finally, information already available to the public cannot meet the compelling reasons standard. *See id.* at 1184.

The Parties have failed to satisfy the compelling reasons standard with respect to the following exhibits and their accompanying motions to seal because their proposed redactions are overbroad, the Parties have provided only vague reasons to shield these documents from the public, and the Parties have not provided any factual information demonstrating a compelling reason to seal the documents. *See Cohen*, 2016 WL 3036302, at *5; *ImprimisRx, LLC*, 2023 WL 7029210, at *4; *Nia*, 2024 WL 171659, at *9.

The Parties seek to seal several agreements, the existence of which is publicly available. (ECF Nos. 75, 78, Ex. 7; ECF Nos. 75, 78, Ex. 10; ECF No. 78, Ex. 20; ECF No. 91, Ex. 8.) There cannot be a compelling reason to hide the entirety of these documents from the public when the existence and certain details of the agreements are already in the public sphere. *Kamakana*, 447 F.3d at 1184. Moreover, Exhibit 7 (the agreement between Upper Deck and Michael Jordan) is a cornerstone document in this case and is referenced extensively in Plaintiff's Complaint. (*See, e.g.*, Compl. ¶¶ 23–27, ECF No. 1.) While there may be certain terms or specific pieces of information that constitute sensitive, confidential business information, the agreements in their entirety cannot be kept from the public, particularly considering the agreements are central to this case. *See JBS Packerland*, 2024 WL 4280960, at *2.

The Parties also seek to seal various expert reports and excerpts of deposition transcripts in their entirety. (ECF No. 78, Exs. 94, 98; ECF No. 81, Ex. 6; ECF No. 91, Exs. 3, 5, 7, 10; ECF No. 102, Exs. C, E, G, M.) Although there may be a compelling reason to redact some of the information contained in these documents, sealing them in their entirety would be overbroad. *See Kamakana*, 447 F.3d at 1183; *ImprimisRx, LLC*, 2023 WL 7029210, at *4. There is at least some information in each of these documents

that does not consist of confidential business information, trade secrets, or information that otherwise meets the compelling reasons standard. For example, as just a starting point, the experts' methodologies listed in their reports or mere background information included in the deposition transcripts should remain public. (*See, e.g.*, ECF No. 82-4 at ¶¶ 1–8; ECF No. 83-3 at ¶ 39; ECF No. 92-1 at 3; ECF No. 92-2 at 5; ECF No. 92-5 at 3.)

Even when the Parties have refrained from seeking to seal a document entirely, their proposed redactions are overbroad. For instance, Plaintiff seeks to seal portions of its Memorandum in support of Plaintiff's Motion for Summary Adjudication and its Memorandum in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (ECF Nos. 81, 91.) Plaintiff's proposed redactions would hide background information about the Parties, the agreements referenced above, and this case itself. (*See, e.g.*, ECF No. 83-5 at 2:8–24, 3:1–12, 3:24–4:2; ECF No. 92-8 at 5:3–5, 5:22–6:14, 12:19–22.) These proposed redactions are overbroad. *See Kamakana*, 447 F.3d at 1183; *ImprimisRx, LLC*, 2023 WL 7029210, at *4. The Court notes, however, that Defendant proposes much more limited redactions to Plaintiff's Memorandum in support of Plaintiff's Motion for Summary Adjudication. (ECF No. 87-1 ¶ 9.) Indeed, the three lines Defendant proposes to redact from the Memorandum are narrowly tailored only to conceal specific sales information, and this request satisfies the compelling reasons standard. (ECF No. 83-5 at 4:20–21, 10:16.)

Plaintiff also seeks to redact Exhibit 3 in connection with its Motion for Summary Adjudication (ECF No. 81) and portions of its Reply in support of its Motion for Summary Adjudication (ECF No. 95). Much of the information Plaintiff proposes to redact merely references confidential documents without discussing their substance. The mere existence of an exhibit is not confidential, even if the substance of that document does contain sensitive information. *See Nia*, 2024 WL 171659, at *9; *ImprimisRx, LLC*, 2023 WL 7029210, at *5. Accordingly, these proposed redactions are overbroad.

Plaintiff seeks to redact portions of its Opposition to Defendant's Motion to Exclude. (ECF No. 102.) Some of the redactions seek to hide information that may be embarrassing

but does not constitute sensitive, confidential business information. (*See* ECF No. 103-6 at 2:27–3:1.) Without further factual information supporting a compelling reason to shield this information from the public, this redaction is overbroad. *See Kamakana*, 447 F.3d at 1183; *ImprimisRx, LLC*, 2023 WL 7029210, at *4.

The motions to seal the above-referenced exhibits and memoranda are **DENIED** without prejudice. The Parties must provide compelling reasons justifying the need to redact the information contained in these documents. Moreover, the Parties must narrowly tailor their redactions to hide only the information that meets the compelling reasons standard.

### 4. Parties Must Demonstrate a Compelling Reason to Seal

The burden is on the moving party—or the proponent of keeping the document secret—to overcome the strong presumption of public access. *See Foltz*, 331 F.3d at 1135. The moving party must point to a compelling reason, supported by concrete factual information, to justify sealing. *Ctr. for Auto Safety*, 809 F.3d at 1103; *Cohen*, 2016 WL 3036302, at *5. Generalized or vague statements that a document is confidential or secret are insufficient to meet the compelling reasons standard. *Foltz*, 331 F.3d at 1133; *Nia*, 2024 WL 171659, at *9.

Generally, the Parties have not provided enough information to meet the compelling reasons standard. *See Kamakana*, 447 F.3d at 1183 (rejecting "the broad, categorical approach" taken to justify redactions). Moreover, in a few instances, the Parties have provided so little factual information in support of their motions to seal that the Court cannot assess the merits of the motions.

First, Defendant seeks to seal Exhibit 105 in connection with its Motion for Summary Judgment. (ECF No. 75.) In support, Defendant only notes that the documents have been designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by Plaintiff. (ECF No. 75-1 at ¶ 3.) Plaintiff has filed a response in support of this motion, noting that Exhibit 105 "is subject to confidentiality, trade secret protection, and the right to privacy[.]" (ECF No. 86 at 2:8–12.) Without any additional context or

factual support, it is unclear whether this email chain contains information that may harm Plaintiff's competitive standing or that constitutes sensitive, confidential business information. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

More perplexingly, Plaintiff seeks to seal Exhibit 5 in connection with its Motion for Summary Adjudication. (ECF No. 81.) Plaintiff points only to the fact that the document was marked "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by Defendant in support of its motion. (ECF No. 81-1 at ¶ 2.) In its response in support, Defendant does not mention Exhibit 5 at all. (ECF No. 87.) As such, the Court is not left with any basis on which to find that there is a compelling reason to seal this document. Further, if Defendant concedes that Exhibit 5 should not be placed under seal, then Defendant must inform the Court accordingly.

Each of the above-mentioned motions is **DENIED** without prejudice. The Parties must provide compelling reasons supported by facts and arguments in order to overcome the presumption of public access.

### B. Granted Motions to Seal

Courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen*, 2016 WL 3036302, at *5.

Defendant seeks to seal Exhibit 100 in connection with its Motion to Exclude. (ECF No. 78.) Plaintiff responds in support, stating that the document contains confidential and trade secret protected information. (ECF No. 86 at ¶ 4.) The last page of Exhibit 100 clearly contains sales, profit, and margin data, which presents a compelling reason to seal this page of the Exhibit. *See Cohen*, 2016 WL 3036302, at *5. The remainder of the exhibit, however, is plainly not sealable. Therefore, Defendant must still publicly file a redacted version of Exhibit 100 that only hides from public view the sensitive page at issue.

Additionally, Plaintiff seeks to redact Exhibit 9 attached to Plaintiff's Motion for Summary Adjudication. (ECF No. 81.) Defendant responds in support, noting that this document contains confidential sales and contributor information. (*See* ECF No. 87-1 at ¶ 5.) Exhibit 9 clearly contains Defendant's sales data. (ECF No. 83-4.) The Court finds that protecting this sales data presents a compelling reason to seal. *See Cohen*, 2016 WL 3036302, at *5.

Plaintiff also seeks to seal Exhibit 15 attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (ECF No. 91.) In support, Plaintiff notes that the Exhibit contains royalty reports submitted to Jump 23 by Plaintiff. (*Id.* at 3.) The exhibit, which consists of seven spreadsheets, clearly includes specific sales, profit, and margin data. (ECF No. 92-7.) The Court finds that protecting this data presents a compelling reason to seal. *See Cohen*, 2016 WL 3036302, at *5.

The Court finds the information contained in the above-referenced exhibits is commercially sensitive without additional factual support, but the Court cautions the Parties that any renewed motion to seal must contain a declaration from a witness with personal knowledge that addresses why the information is commercially sensitive. Accordingly, the motions to seal and redact the last page of Exhibit 100 attached to Defendant's Motion to Exclude (ECF No. 78), Exhibit 9 attached to Plaintiff's Motion for Summary Adjudication (ECF No. 81), and Exhibit 15 attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 91) are **GRANTED**.

### III. CONCLUSION

Based on the foregoing, the Court:

(1) **DENIES** Defendant's motions to file documents under seal. (ECF Nos. 75, 88, 97, 107.)

(2) **DENIES** Plaintiff's motions to file documents under seal. (ECF Nos. 95, 102.)

(3) **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to file documents under seal. (ECF No. 78.)

(4) **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motions to file documents under seal.  (ECF Nos. 81, 91.)

The Clerk of Court shall accept and **FILE UNDER SEAL** unredacted copies of Exhibit 100 attached to Defendant's Motion to Exclude (ECF No. 82-8), Exhibit 9 attached to Plaintiff's Motion for Summary Adjudication (ECF No. 83-4), and Exhibit 15 attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 92-7).

If Plaintiff or Defendant wishes to file a renewed motion to seal for the denied requests, it may do so no later than **August 8, 2025**.  Otherwise, Plaintiff and Defendant are instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **August 15, 2025**.  The Parties shall publicly file on CM/ECF as a "Notice Regarding Exhibit Attachment" revised versions of these documents with only those redactions that the Court has approved.

The Court also reminds the Parties that when filing the documents on the public docket, they must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual.  <u>Further, the Court warns the Parties and their counsel that non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.</u>

**IT IS SO ORDERED.**

**DATED: July 28, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court