UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THE UPPER DECK COMPANY, | Case No. 24-cv-00923-BAS-DEB |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO SEAL (ECF No. 137)** |
| v. | |
| PIXELS.COM, LLC, | |
| Defendant. | |

Presently before the Court is Plaintiff Upper Deck Company's ("Upper Deck") renewed motion to seal. (ECF No. 137.) For the reasons below, the Court **DENIES** Upper Deck's motion to seal. (*Id*.)

I.     BACKGROUND

Defendant Pixels.com ("Pixels") allegedly interfered with Upper Deck's exclusive rights to use intellectual property assets associated with the brand of world-famous basketball player, Michael Jordan ("Jordan"), to develop sports memorabilia. More specifically, Pixels allegedly advertised and sold products appropriating Jordan's likeness online without either Upper Deck's or Jordan's permission. (ECF No. 24 ¶¶ 25–35.) Upper

Deck obtained the rights to use Michael Jordan's likeness through licensing agreements. (*Id*. ¶¶19–24.) Furthermore, Pixels' products also allegedly misappropriated Upper Deck's own trademarks—including Upper Deck's logo. (*Id*. ¶ 11.)

On May 28, 2024, Upper Deck initiated this action against Defendant Pixels.com ("Pixels"). (ECF No. 1.) On October 1, 2024, Upper Deck filed the operative complaint in this action alleging causes of action, *inter alia*, for: (1) false advertising and unfair competition claims under the Lanham Act, 15 U.S.C.A. § 1125(a); (2) trademark dilution under the Lanham Act, 15 U.S.C.A. § 1125(c); (3) trademark infringement under 15 U.S.C.A. § 1114; (4) deprivation of rights of publicity, Cal. Civ. Code § 3344; (5) deprivation of rights of publicity under California common law; (6) unfair competition under California statutory, Cal. Bus. & Prof. Code § 17200 *et seq*, and common law. (ECF No. 24.)

Throughout the course of this action, both parties filed motions to seal. (*See* ECF Nos. 75, 78, 81, 88, 91, 95, 97, 102, 107.) The Court partially ruled on Parties' proposed redactions and ordered for Parties to file a consolidated motion to seal on July 28, 2025. (ECF No. 110.) Upper Deck filed a motion to seal, consolidating prior motions, on August 8, 2025. (ECF No. 114.) The Court granted in part and denied in part Upper Deck's renewed motion to seal (*id*.). (ECF No. 161.)

Upper Deck had separately moved to seal additional exhibits, mainly consisting of email exchanges that Pixels had included in its pretrial disclosures. (ECF No. 137.) Pixels filed a response to Upper Deck's motion to seal, principally arguing that Pixels does not view good cause for those documents to be filed under seal. (ECF No. 145.)

## II.     LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

1  *v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption
2  of access is 'based on the need for federal courts, although independent—indeed,
3  particularly because they are independent—to have a measure of accountability and for the
4  public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler
5  Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d
6  1044, 1048 (2d Cir. 1995)).

7      A party seeking to seal a judicial record bears the burden of overcoming the strong
8  presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden
9  depends upon whether the documents to be sealed relate to a motion that is "more than
10 tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. In
11 other words, the presumption of public access fully applies to "dispositive pleadings," such
12 as "motions for summary judgment and related attachments." *Kamakana v. City & Cnty.
13 of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, the Ninth Circuit has "carved
14 out an exception to the presumption of access" to judicial records for a "*sealed discovery
15 document* [attached] to a *non-dispositive* motion," such that "the usual presumption of the
16 public's right of access is rebutted." *Id*. at 1179 (citing *Foltz,* 331 F.3d at 1135).

17     The Ninth Circuit, thus, applies different standards for evaluating requests to seal
18 documents accompanying dispositive motions and those accompanying non-dispositive
19 motions. *Kamakana*, 447 F.3d at 1179. When the underlying motion is more than
20 tangentially related to the merits (*i.e.*, a dispositive motion), the "compelling reasons"
21 standard applies. *Id.; see also Ctr. for Auto Safety*, 809 F.3d 1092 at 1096–98. "In general,
22 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify
23 sealing court records exist when such 'court files might have become a vehicle for improper
24 purposes,' such as the use of records to gratify private spite, promote public scandal,
25 circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179
26 (quoting *Nixon*, 435 U.S. at 598). Under the "compelling reasons" standard, "[t]he mere
27 fact that the production of records may lead to a litigant's embarrassment, incrimination,
28 or exposure to further litigation will not, without more, compel the court to seal its records."

*Id.* at 1179. However, when the underlying document is a non-dispositive motion, the "good cause" standard applies, and a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 1180.

Separately, parties moving to seal documents must comply with the procedures set forth in this Court's Standing Order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases § 5. These procedures limit sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id*. Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible, a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## III. ANALYSIS

### A. Whether Upper Deck Meets Procedural Requirements to Seal

#### 1. Requirement for Parties to Confer and Submit Responses to Support Relevant Motions to Seal

The Court's Standing Order notes, "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." Standing Order § 5.A ("§ 5.A"). "Parties often seek to seal a document only because another party designated the document as sensitive under a protective order . . . [i]n these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal." *Id*. Then, "the designating party must file a response to the sealing motion within seven days that satisfies the sealing standard . . . If no response is filed, the Court may order that the document be filed in the public record." *Id*.

Because Upper Deck is the moving party for the present motion to seal (ECF No. 114), the designating party's burden to respond to a sealing motion in § 5.A only applies to documents in which Pixels is the designating party.  First, Pixels has not designated any of the documents in Upper Deck's motion to seal (ECF No. 137) as confidential.  (ECF No. 145 at 2:13-17.)  In addition, Pixels has filed an appropriate response (ECF No. 145) to all of the documents that Upper Deck has moved to seal in its motion to seal (ECF No. 137).  Accordingly, the Court now finds that § 5.A of the Standing Order does not necessitate the dismissal of any of Upper Deck's motion to seal (ECF No. 137).

### 2. Requirement to Publicly File Copies of Documents with Proposed Redactions

The documents Upper Deck seeks to redact are correctly lodged on the public docket.  (*See* ECF Nos. 137, 139.)  Accordingly, the Court now turns to evaluate Upper Deck's justifications for sealing.

## B. Whether Upper Deck Presents Good Cause for its Proposed Redactions

### 1. Documents Only Tangentially Related to Merits

The Court finds that Pixels' pretrial disclosures that Upper Deck seeks to seal are only "tangentially related" to the merits of the case, since they are originally attached to Pixels' non-dispositive pretrial disclosures (ECF No. 130).  *Ctr. for Auto Safety*, 809 F.3d at 1098–1101 ("Discovery-related motions are often unrelated to the merits of a case.").  Accordingly, the Court applies the "good cause" standard, rather than the more exacting "compelling reasons" standard it applied in its prior orders (ECF Nos. 110, 161).  *Id*.

### 2. "Good Cause" Legal Standard

Federal Rule of Civil Procedure ("Rule") 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, "the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," based on any of several listed reasons.   As previously mentioned, the Ninth Circuit applies the "good cause" standard—adopted from Rule

26(c)—to evaluate requests to seal documents related to non-dispositive motions. See *Kamakana*, 447 F.3d at 1180; *Foltz*, 331 F.3d at 1130; *Phillips v. Gen. Motors,* 307 F.3d 1206, 1212 (9th Cir.2002). Pertinent here, Rule 26(c)(1)(G) states that a court may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no court order is granted. *Foltz*, 331 F.3d at 1130–31 (9th Cir. 2003); see also *Beckman,* 966 F.2d at 476 ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

### 3.     Analysis of "Good Cause"

Courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g., Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016); *see also Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8430369, at *2 (N.D. Cal. Dec. 4, 2023) ("[C]onfidential business information that would harm a party's competitive standing meet the compelling reasons standard, and thus also meet the 'less exacting' good cause standard.").

Further, third-party information is typically not alone sufficient grounds for sealing. *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 3594058, at *3 (N.D. Cal. May 22, 2023) ("[T]he fact that disclosure would reveal the substance of communications with non-parties does not, by itself, demonstrate good cause for sealing."). However, courts within this circuit have sealed "documents contain[ing] information regarding the identity and operations of third party supplied components in [movant]'s products" as confidential business information. *See e.g.*, *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-

HSG, 2020 WL 210318, at *8 (N.D. Cal. Jan. 14, 2020), *aff'd*, 845 F. App'x 963 (Fed. Cir. 2021).

Here, Upper Deck moves to file the proposed exhibits under seal on the basis that they involve "[d]iscussion of Jump 23, Inc.'s and Upper Deck's confidential business information" and "[t]hird party rights to privacy." (ECF No. 137.) As discussed, third party rights to privacy cannot typically be the sole ground for sealing or redacting documents absent a showing of specific harm upon disclosure. *See Jones*, 2023 WL 3594058, at *3. Next, though the proposed exhibits may appear to contain confidential business information (*i.e.*, concerning the proprietary development of Upper Deck's products, including the involvement of third parties), Upper Deck has failed to explicitly allege how the disclosure of the allegedly confidential business information in the exhibits result in specific harm. *Foltz*, 331 F.3d at 1130–31 (9th Cir. 2003); *see also Beckman,* 966 F.2d at 476. Upper Deck has not provided declarations of individuals with knowledge of these documents to support its argument that these documents require sealing. *See Orthopaedic Hosp. v. Encore Med. L.P.,* No. 19-CV-970 JLS (AHG), 2022 WL 257104, at *3 (S.D. Cal. Jan. 27, 2022) (same); *see also Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *3 (S.D. Cal. July 29, 2015*)* (finding good cause where "defendants have filed a supplemental declaration under seal detailing with particularity the exhibits that contain confidential information and the manner in which disclosure of such information would be detrimental to Defendants or otherwise improper.").

Per this Court's Standing Order § 5.B (emphasis added):

> A party seeking a sealing order must provide the Court with: (1) a specific description of particular documents or categories of documents to be protected; and (2) **declaration(s) showing** a compelling reason or **good cause** to protect those documents from disclosure. The standard for filing documents under seal will be strictly applied.

Upper Deck has not even alleged that disclosure of the exhibits at issue would give competitors insight into its processes or otherwise harm its or third parties' competitive

standing. *See e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Lin v. Solta Med., Inc.*, No. 21-CV-05062-PJH, 2024 WL 2112893, at *3 (N.D. Cal. Apr. 11, 2024) (finding good cause where movant alleged competitors would gain insight into internal processes if not for sealing); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets.").

Finding Upper Deck has failed to demonstrate good cause for its proposed sealings, the Court **DENIES WITHOUT PREJUDICE** Upper Deck's motion to seal (ECF No. 137).

### IV.  CONCLUSION

For the reasons above, the Court **DENIES WITHOUT PREJUDICE** Upper Deck's motion to seal (ECF No. 137).  If Upper Deck wishes to file a renewed motion to seal for the denied requests, they may do so no later than **January 12, 2025**, after the issuance of this Order.  To the extent Upper Deck wishes to renew its motion to seal (*id.*) for any document or portion thereof, that party is **ORDERED** to include a table including: the title of the document, the ECF number of the public document, the ECF number of the lodgment, and the reason for sealing each proposed redaction or document.  Also, if Upper Deck renews its motion to seal (*id.*), Upper Deck is also **ORDERED** include one or more declarations explaining further why there is good cause for each proposed sealing.  *See* Standing Order § 5.B.

Otherwise, Upper Deck is instructed to file the public versions of the documents it moved to seal in ECF No. 137 on the public docket no later than **January 19, 2025**.  When filing the documents on the public docket, Parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies &

Procedures Manual.  Non-compliance with this Order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED.**

**DATED: December 16, 2025**

**Hon. Cynthia Bashant, Chief Judge
United States District Court**