**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UPPER DECK COMPANY,<br>Plaintiff,<br>v.<br>PIXELS.COM, LLC,<br>Defendant. | Case No. 24-cv-00923-BAS-DEB<br><br>**ORDER:**<br>**(1) GRANTING UPPER DECK'S MOTION IN LIMINE #1 (ECF No. 133);**<br>**(2) GRANTING UPPER DECK'S MOTION IN LIMINE #2 (ECF No. 134);**<br>**(3) DENYING UPPER DECK'S MOTION IN LIMINE #3 (ECF No. 135);**<br>**(4) GRANTING PIXELS' MOTION IN LIMINE #1 (ECF No. 136);**<br>**(5) GRANTING IN PART AND DENYING IN PART PIXELS' MOTION IN LIMINE #2 (ECF No. 138);**<br>**(6) DENYING PIXELS' MOTION IN LIMINE #3 (ECF No. 140);** |

**(7) DENYING PIXELS' MOTION IN LIMINE #4 (ECF No. 141); AND**

**(8) DENYING AS MOOT PIXELS' MOTION IN LIMINE #5 (ECF No. 142)**

Plaintiff The Upper Deck Company ("Upper Deck") filed three motions in limine (ECF Nos. 133, 134, 135) to which Defendant Pixels.com, LLC ("Pixels") responded. (ECF Nos. 146, 147, 148.) Pixels filed five motions in limine (ECF Nos. 136, 138, 140, 141, 142) to which Upper Deck responded. (ECF Nos. 150, 151, 152, 153, 154.) The Court issues this Order without prejudice to clarification at the oral argument scheduled for October 9, 2026. (ECF No. 197.)

## I. UPPER DECK'S MOTION IN LIMINE #1 (ECF No. 133)

Upper Deck moves to exclude evidence of prior lawsuits as irrelevant and more prejudicial than probative under Federal Rule of Evidence 403. (ECF No. 133.) Pixels does not oppose. (ECF No. 146.) Hence, the Court **GRANTS** Upper Deck's Motion in Limine #1. (ECF No. 133.) If the prior lawsuits become relevant during the trial, Pixels may raise the issue outside the presence of the jury.

## II. UPPER DECK'S MOTION IN LIMINE #2 (ECF No. 134)

Upper Deck moves to exclude evidence of non-fungible tokens ("NFTs") and specifically any dispute between Upper Deck and Michael Jordan about NFTs. (ECF No. 134.) Pixels argues that NFTs may become relevant on the issue of what constitutes "Collectible Products" and that this may become appropriate for impeachment. (ECF No. 147.) The Court **GRANTS** Upper Deck's Motion in Limine #2 without prejudice to Pixels re-raising the issue outside the presence of the jury if NFTs become relevant during the trial. (ECF No. 134.)

## III. UPPER DECK'S MOTION IN LIMINE #3 (ECF No. 135)

Upper Deck moves to preclude evidence of its lost profits due to Pixels' sales of Michael Jordan products or payments made by Brevatter, LLC to Upper Deck as irrelevant and more prejudicial than probative under Rule 403. (ECF No. 135.) Upper Deck argues that it is seeking solely to disgorge Pixels' profits and recover the fair market value of what Pixels allegedly took. (*Id.*) Pixels opposes. (ECF No. 148.)

The Court **DENIES** Upper Deck's Motion in Limine #3. (ECF No. 135.) Upper Deck's lost profits are relevant on the issue of what the licensing agreement is worth, and the prejudice or danger of consuming undue court resources does not outweigh this probative value.

## IV. PIXELS' MOTION IN LIMINE #1 (ECF No. 136)

Pixels moves to prohibit evidence of other litigation, settlements, or trial judgments. (ECF No. 136.) Upper Deck responds that Upper Deck's expert relied on some of this evidence in calculating damages and that the history of prior trademark infringement is relevant on the issue of willfulness. (ECF No. 150.)

The Court agrees that releasing the facts of prior settlements, their similarity or differences with this case, and the reasons for settlement is likely to consume undue court resources and confuse the jury without much probative value. Any prior lawsuits or settlements would only be relevant if there was a court or jury finding that Pixels did infringe or if Pixels specifically admitted that it infringed as part of a settlement, and, even then, there is a strong danger that the jury could be distracted with facts from other lawsuits far afield from the facts in this case which could confuse the issues. Hence, the Court **GRANTS** Pixels' Motion in Limine #1 under Rule 403. (ECF No. 136.)

## V. PIXELS' MOTION IN LIMINE #2 (ECF No. 138)

Pixels moves to limit evidence based on the statute of limitations. (ECF No. 138.) Pixels asks the Court to determine two subsidiary issues: the relevant limitations period for Upper Deck's claims, and the relevant accrual date as to each image underlying Upper Deck's state law causes of action.

As a threshold matter, the Court already determined the limitations period for Upper Deck's state law and federal claims. (ECF No. 194 at 44:20–27, 46:10–47:16.)

In its Motion in Limine #2, Pixels moves to apply the "single publication" rule (Cal. Civ. Code § 3425.3) to determine the exact date from which Upper Deck's state law claims can accrue as to each image. (ECF No. 138-1 at 4:7–5:4.) When ruling on Parties' motions for summary judgment, the Court had expressly reserved ruling on the applicability of the "single publication" rule for the motions in limine stage. (*See* ECF No. 194 at 46:15–16 ("At oral argument, Parties agreed that the specific images that fall within those time frames could be addressed at motions in limine.").)

"The single-publication rule limits tort claims premised on mass communications to a single cause of action that accrues upon the first publication of the communication, thereby sparing the courts from litigation of stale claims when an offending book or magazine is resold years later." *Yeager v. Bowlin*, 693 F.3d 1076, 1081–82 (9th Cir. 2012); *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1166–67 (9th Cir. 2011) (internal quotation marks omitted); *see also* Cal. Civ. Code § 3425.3. The single-publication rule applies to the internet. *Roberts*, 660 F.3d at 1167. In print and on the internet, statements are generally considered "published" when they are first made available to the public. *Id.*

Under California's single-publication rule, the statute of limitations is reset when a statement is republished. *See id.* A statement in a printed publication is "republished" when it is reprinted in something that is not part of the same "single integrated publication." *Yeager*, 693 F.3d at 1082 (citing *Christoff v. Nestle USA, Inc.*, 47 Cal. 4th 468, 477 (2009)). A statement on a website is not "republished" unless the statement itself is substantively altered or added to, or the website is directed to a new audience. *Yeager*, 693 F.3d at 1082. Merely continuing to host a statement on its website does not constitute republishing. *See Roberts*, 660 F.3d at 1169 (continuing to host a press release on a website is "inaction" which "is not a republication").

First, the Court agrees with Pixels that the single-publication rule applies to Plaintiff's common law and statutory rights of publicity and unfair competition law

("UCL") claims. (ECF No. 138-1 at 4:7–5:4.) Claims arising from the unauthorized use of a plaintiff's name and image, such as Upper Deck's publicity claims, are subject to the "single-publication rule." *See* Cal. Civ. Code § 3425.3; *Christoff*, 47 Cal. 4th at 476–77 (holding the single-publication rule "applies by its terms to any action for . . . invasion of privacy" and also "applies to causes of action for unauthorized commercial use of likeness"). Moreover, because Upper Deck's UCL "unlawfulness" claim is derivative of other claims arising from the unauthorized commercial use of likeness (including the right of publicity), the single-publication rule applies to determine the accrual of those claims as well. *Tseng v. PeopleConnect, Inc.*, 665 F. Supp. 3d 1136, 1148 (N.D. Cal. 2023) (applying the single-publication rule to determine date of accrual for plaintiff's UCL claim predicated upon plaintiff's right of publicity claim). "*[R]epublication* of the statement gives rise to a new cause of action and thus a new limitations period." *Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.*, No. 02 CV 2258 JM (AJB), 2007 WL 935703, at *6 (S.D. Cal. Mar. 7, 2007) (citing *Shively v. Bozanich,* 31 Cal.4th 1230, 1245 (2003)).

Though Upper Deck contends that the single-publication rule should not apply because the rule requires evaluating whether Pixels made a "conscious, deliberate choice" to reissue the publication (ECF No. 151 at 2:1–3:2), the Ninth Circuit explicitly rejected this argument in *Yeager*. *See Yeager*, 693 F.3d at 1083 ("Justice Werdegar's concurrence [in *Christoff*, 47 Cal. 4th 468, arguing that the single-publication rule would require evaluating the publisher's conscious, deliberate choices] was not adopted by the majority and therefore is not the law of California.").

Additionally, each individual product image displaying Michael Jordan's likeness (*e.g.*, jersey number, jump logo, or face) constitutes a "republication" as to aspects of Michael Jordan's likeness. Each individual image displaying Michael Jordan's likeness represents a separate physical product to be sold and differs substantially in overall appearance (*see, e.g.*, ECF No. 194 at 2:16–4:13). Put differently, the disputed images on Pixels' website are not intended to be viewed collectively as a *series* of images displaying Michael Jordan's likeness. Thus, each image is akin to a hardcover book republished as a

later paperback version of that book (which California courts have treated as a republication), rather than to a newspaper repeatedly publishing the same statement in each daily edition. *Yeager*, 693 F.3d at 1082 (republication can be found where the "statement itself is substantively . . . added to."); *Kanarek v. Bugliosi*, 108 Cal. App. 3d 327 (1980) (finding republication where the defendant published the same statement in a hardcover book then later in a paperback version of the same book); *Belli v. Roberts Bros. Furs*, 240 Cal. App. 2d 284 (1966) (finding no republication where the defendant published the same statement in a series of daily newspapers). The Court concludes that each individual image presents a separate cause of action as to Plaintiff's statutory and common law California publicity and UCL claims, and that the relevant limitations period begins to run at the time that image was uploaded to Pixels' website.

For the reasons above, the Court **GRANTS IN PART** (with respect to application of the single-publication rule to treat each individual image's upload date as the date of accrual for that image) (*see* ECF No. 201 at 4:12–16) and **DENIES IN PART** (with respect to Pixels' proposed statutory limitation periods) Pixels' Motion in Limine #2. (ECF No. 138.)

## VI. PIXELS' MOTION IN LIMINE #3 (ECF No. 140)

Pixels moves to exclude all evidence that contradicts any written agreement between Upper Deck and Jump 23, Inc.; specifically, Pixels moves to exclude Upper Deck from arguing that it had an agreement with Michael Jordan, not just Jump 23, Inc. (ECF No. 140.) Upper Deck opposes. (ECF No. 152.)

The Court agrees that any non-written, oral testimony about what the agreement means should be excluded and that testimony cannot be elicited to contradict or provide contrary meaning to what is contained in the written contract. *See Koochakkhani v. Cap. One*, No. 19-CV-06412-SK, 2020 WL 13532959, at *5 (N.D. Cal. May 15, 2020) ("Plaintiffs' argument that Defendants breached an implicit term of the agreement when the explicit terms of the agreement state the opposite contradicts a basic principle of contract law: the form of a written agreement supersedes contemporaneous oral

negotiations."); *Sullivan v. Mass. Mut. Life Ins. Co.*, 611 F.2d 261, 264 (9th Cir. 1979) ("Under California law, a written contract presumptively supersedes all prior or contemporaneous oral agreements concerning the subject matter of the written contract. *See* Cal. Civ. Code § 1625; Cal. Civ. Proc. Code § 1856.").

However, the Court declines to exclude any testimony that would clarify what contractual parties intended at the time of writing the contract—such as Parties' operation under the contractual definition of "Attributes" for decades (*see* ECF No. 200 at 4:16–19) and/or operation under the assumption that the preamble of the agreement accurately represents Jump 23, Inc.'s legal authority to represent Michael Jordan's interests (*see id.*; ECF No. 194 at 37:15–17). *Epic Commc'ns, Inc. v. Richwave Tech., Inc.*, 237 Cal. App. 4th 1342, 1355, 188 Cal. Rptr. 3d 844, 855 (2015) (discussing modification to the California parol evidence rule) ("[T]he course of actual performance by the parties is considered the best indication of what the parties intended the writing to mean.").

The Court also declines to exclude all later written agreements that relate to the scope of the agreement between Jump 23, Inc. and Upper Deck—including addenda to the agreement and Upper Deck's sublicensing agreements that Pixels clarifies it seeks to exclude in supplemental briefing (*see* ECF No. 201 at 7:4–9). *See K.C. v. Superior Ct.*, 24 Cal. App. 5th 1001, 1011–12 (2018) (quoting *State Dep't of Pub. Health v. Superior Court*, 60 Cal. 4th 940, 960 (2015)) ("Finally, to the extent [contractual provisions] conflict, we apply the maxim that 'later enactments supersede earlier ones.' ").

Since Pixels has failed to explain how the evidence it generally seeks to exclude regarding the meaning of the agreement between Jump 23, Inc. and Upper Deck is precluded by the parol evidence rule, the Court **DENIES** Pixels' Motion in Limine #3. (ECF No. 140.)

## VII. PIXELS' MOTION IN LIMINE #4 (ECF No. 141)

Pixels moves to exclude the "Clarification" of the agreement as hearsay. (ECF No. 141 (referencing ECF No. 117-1 at 22).) Upper Deck opposes. (ECF No. 153.) The written "Clarification" provides:

> Consistent with Section 25 of the January 1, 2015 agreement and any subsequent agreements for similar services between The Upper Deck Company ("Upper Deck") and Jump 23, Inc. ("Jump") (collectively, the "Parties"), the Parties agree Upper Deck has the right to pursue legal claims against Pixels.com, LLC d/b/a Fine Art America for infringing use of Michael Jordan's name, likeness, and other rights on print-on-demand photographs, wall art, and other digital print collectible products during the term of the Parties' agreement.

As previously discussed, the "Clarification" is an addendum to the contract between Jump 23, Inc. and Upper Deck—meaning it is not in violation of the parol evidence rule. *See K.C.*, 24 Cal. App. 5th at 1011–12 (quoting *State Dep't of Pub. Health*, 60 Cal. 4th at 960) ("Finally, to the extent [contractual provisions] conflict, we apply the maxim that 'later enactments supersede earlier ones.' ").

Furthermore, the Court finds that the "Clarification" is not hearsay because "a legally operative document that defines the rights and liabilities of the parties" is not hearsay. *See Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000); *United States v. Rubier*, 651 F.2d 628, 630 (9th Cir. 1981), *cert. denied*, 454 U.S. 875 (1981); Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement offered to prove the truth of the matter asserted). Even if it were hearsay, the Court agrees with Upper Deck that the "Clarification" would fall under the hearsay exceptions (ECF No. 153 at 3:4–9). *See* Fed. R. Evid. 801(d)(1)(B)(i) (prior statement of declarant); Fed. R. Evid. 803(6) (business records exception).

Nonetheless, it is unclear from the record whether the "Clarification" was properly authenticated. *See* Fed. R. Evid. 901 (requiring authentication of evidence). Thus, the Court **DENIES** Pixels' Motion in Limine #4 but rules the document will not be admitted until it is adequately authenticated at trial. (ECF No. 141.)

**VIII. PIXELS' MOTION IN LIMINE #5 (ECF No. 142)**

Pixels moves to preclude evidence of the violation of the right of publicity. (ECF No. 142.) The Court ruled on this Motion as part of its Order on the Motion for Summary Judgment. (ECF No. 194 at 36:21–37:25.) Hence, the Court **DENIES** Pixels' Motion in Limine #5 **AS MOOT**. (ECF No. 142.)

## IX. CONCLUSION

Having considered Parties' motions in limine, the Court hereby:

1. **GRANTS** Upper Deck's Motion in Limine #1. (ECF No. 133.)
2. **GRANTS** Upper Deck's Motion in Limine #2. (ECF No. 134.)
3. **DENIES** Upper Deck's Motion in Limine #3. (ECF No. 135.)
4. **GRANTS** Pixels' Motion in Limine #1. (ECF No. 136.)
5. **GRANTS IN PART** and **DENIES IN PART** Pixels' Motion in Limine #2. (ECF No. 138.)
6. **DENIES** Pixels' Motion in Limine #3. (ECF No. 140.)
7. **DENIES** Pixels' Motion in Limine #4. (ECF No. 141.)
8. **DENIES** Pixels' Motion in Limine #5 **AS MOOT**. (ECF No. 142.)

**IT IS SO ORDERED.**

**DATED: September 9, 2026**

Cynthia Bashant

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**